Julia R. Rodríguez Burgos, demandante y recurrida, *v.* K-mart Corporation y Carlos Mercado et al., demandados y peticionarios.

*Número:* CC-2003-16          *Resuelto:* 16 de noviembre de 2004

*Luis Sánchez Betances* y *Debbie E. Rivera Rivera*, abogados de la parte peticionaria; *Sara M. Chico Matos*, abogada de la parte recurrida; *Gregory T. Usera*, abogado de la parte codemandada.

## SENTENCIA

En el presente caso, el Tribunal de Apelaciones concluyó que el Sr. Carlos Mercado asumió como deudor solidario el pago de una transacción que puso fin a la querella por despido injustificado, horas extras y hostigamiento sexual de la Sra. Julia R. Rodríguez Burgos contra éste y K-mart Corporation. El peticionario, señor Mercado, nos solicita que revisemos esta determinación. Veamos.

I

La Sra. Julia R. Rodríguez Burgos presentó una quere-
lla sobre despido injustificado, pago de horas extras y hos-
tigamiento sexual ante el Tribunal de Primera Instancia
contra K-mart Corporation (K-mart), Carlos Mercado y
otros. Luego de presentar una contestación a la demanda y
de otros incidentes procesales, K-mart llegó a un acuerdo
—Relevo Total de Responsabilidad Civil y Penal y Acuerdo
sobre Confidencialidad— con la señora Rodríguez Burgos,
el cual fue aprobado por el Secretario del Trabajo y Recur-
sos Humanos del Estado Libre Asociado de Puerto Rico.

Transcurridos dos meses de firmarse este relevo, K-
mart se acogió a la protección del Capítulo 11 de la Ley de
Quiebras Federal.[1] Por consiguiente, solicitó al tribunal
de instancia la paralización de los procedimientos. Rodrí-
guez Burgos, por su parte, se opuso bajo el fundamento de
que la citada Ley de Quiebras sólo protege al deudor que se
acoge a sus beneficios y, por lo tanto, los procedimientos
debían continuar con respecto al señor Mercado, por éste
no estar bajo la jurisdicción del Tribunal de Quiebras y por
éste responder solidariamente junto a K-mart de los daños
reclamados. Solicitó que se le ordenara al señor Mercado
cumplir estrictamente con el acuerdo transaccional. Vistos
los escritos de las partes, el tribunal paralizó en su totali-
dad los procedimientos en el caso de autos y ordenó su
archivo, sin perjuicio de que posteriormente se deje sin
efecto la paralización por algún cambio en las circunstan-
cias de K-mart y alguna parte interesada solicite la reaper-
tura del caso.

Oportunamente, la señora Rodríguez Burgos acudió
ante el Tribunal de Apelaciones. Aunque aceptó que proce-
día la paralización de toda reclamación contra K-mart,
alegó que el señor Mercado respondía solidariamente por

---

[1] 11 U.S.C.A. secs. 1101–1147.

la cuantía acordada en el relevo. Sostuvo que ella había firmado el relevo "basándose en que las partes codemandadas responderían solidariamente por la cantidad acordada". Apéndice, pág. 37. En vista de ello, solicitó al tribunal apelativo que dejara sin efecto la paralización de los procedimientos con relación al señor Mercado para poder cobrarle a éste la indemnización pactada.

El Tribunal de Apelaciones modificó la determinación del Tribunal de Primera Instancia y ordenó la ejecución del relevo en cuanto al señor Mercado. Examinado el contenido del referido documento, el foro intermedio concluyó que "los codemandados [el señor Mercado y K-mart] se obligaron a pagar *solidariamente* a [la señora Rodríguez Burgos] cierta suma de dinero". (Énfasis suplido.) Apéndice, pág. 149. Resolvió, además, que a pesar de que Rodríguez Burgos no podía reclamarle a K-mart, no había impedimento para que se continuara el trámite judicial contra el señor Mercado en cuanto "al pago total del acuerdo transaccional que dio fin al litigio" (íd., pág. 151), por tratarse este caso de una deuda contractual solidaria.[2]

Inconforme, el señor Mercado acudió ante nos. Sostiene que el acuerdo de relevo lo firmó K-mart con la señora Rodríguez Burgos y que no se desprende del acuerdo obligación alguna, solidaria o individual, por su parte. Según se alega, el señor Mercado ni siquiera fue parte del acuerdo, y permitir que se ejecute contra él la compensación estipulada violaría su debido proceso de ley. Vista su solicitud de *certiorari*, le concedimos un término a la señora Rodríguez Burgos para que mostrara causa por la cual no debíamos revocar la determinación del Tribunal de Apelaciones aquí recurrida y devolver el caso al tribunal de

---

[2] Se citó el Art. 1090 del Código Civil, 31 L.P.R.A. sec. 3101, que dispone:

"La concurrencia de dos o más acreedores o de dos o más deudores en una sola obligación no implica que cada uno de aquéllos tenga derecho a pedir ni cada uno de éstos deba prestar íntegramente las cosas objeto de la misma. Sólo habrá lugar a esto cuando la obligación expresamente lo determine, constituyéndose con el carácter de solidaria."

instancia para que, previa celebración de una vista evidenciaria, se determine si el señor Mercado participó de tal modo en el contrato de transacción que en alguna forma se obligó al pago de la cantidad acordada.

Con el beneficio de la comparecencia de ambas partes, resolvemos.

Debemos pasar juicio sobre la determinación del Tribunal de Apelaciones en cuanto a que del relevo firmado por la señora Rodríguez Burgos surge una obligación contractual solidaria por la cual responde el señor Mercado.

## II

A. Existe solidaridad cuando, al concurrir más de un deudor, el acreedor o los acreedores pueden exigir el pago íntegro de su crédito a cualesquiera deudores sin necesidad de cobrarles a todos simultáneamente. Véanse: Art. 1097 del Código Civil, 31 L.P.R.A. sec. 3108; *Ramos v. Caparra Dairy, Inc.*, 116 D.P.R. 60 (1985); *Arroyo v. Hospital La Concepción*, 130 D.P.R. 596 (1992). De igual forma, si los deudores se obligaron solidariamente, a pesar de concurrir más de un acreedor, cualesquiera está facultado para exigir el pago total del crédito sin que los demás acreedores intervengan en el cobro. Véanse los casos citados anteriormente. Es decir, ante una obligación solidaria, cada deudor tiene derecho a pedir, y cada acreedor está obligado a entregar, la prestación adeudada en su totalidad. *Arroyo v. Hospital La Concepción*, supra, pág. 600.

Precisamente en *Arroyo v. Hospital La Concepción*, supra, pág. 601, aclaramos, en cuanto al concepto de solidaridad entre deudores, que:

> ... "[La] pluralidad de deudores no ha significado ... la posibilidad de recibir varias prestaciones, sino la posibilidad de recibir la única prestación debida de cualquiera de las personas obligadas, o de que en definitiva quede satisfecho el interés del

acreedor en la prestación única a base de la obligación que pesa sobre varios deudores (por ejemplo, si el primer deudor solidario demandado resulta insolvente o solvente sólo en parte). Cada uno de los deudores debe, pues, toda la prestación, pero el acreedor sólo tiene derecho a recibirla una sola vez, sea de un solo deudor (si ha bastado para el cumplimiento de la prestación debida) o de varios".

Los deudores solidarios asumen cada uno la responsabilidad personal de cancelar la deuda total sin necesariamente haber aprovechado el cien por ciento de lo recibido, en cuyo caso aquel que haya pagado en exceso de lo debido podrá repetir contra los demás deudores, con el riesgo de que éstos, por insolvencia, no puedan resarcirle lo pagado de más. *Arroyo v. Hospital La Concepción,* supra, pág. 602. En vista del agravamiento que representa una deuda solidaria para el deudor, se requiere que dicha condición se pacte expresamente al convenir la obligación. Íd. La solidaridad no se presume. " 'No puede presumirse que el que libremente ha contratado, sin manifestarlo, se haya querido comprometer a más de lo que consta en el convenio.' " Íd., pág. 602, citando a A. Borrell Macía, *Responsabilidades derivadas de la culpa extracontractual civil,* 2da ed., Barcelona, Ed. Bosch, 1958.

Con relación a esto, el Art. 1090 de nuestro Código Civil, 31 L.P.R.A. sec. 3101, declara que:

> La concurrencia de dos o más acreedores o de dos o más deudores en una sola obligación no implica que cada uno de aquéllos tenga derecho a pedir ni cada uno de éstos deba prestar íntegramente las cosas objeto de la misma. *Sólo habrá lugar a esto cuando la obligación expresamente lo determine, constituyéndose con el carácter de solidaria.* (Énfasis suplido.)

Por lo tanto, en el mismo Código se expresa que si del texto de las obligaciones no se desprende un pacto de solidaridad, "el crédito o la deuda se presumirán divididos en tantas partes como acreedores o deudores haya, reputándose créditos o deudas distintos unos de otros". Art. 1091 del Código Civil, 31 L.P.R.A. sec. 3102.

Con referencia a estas disposiciones legales, hemos expresado que en el ámbito de las obligaciones contractuales la solidaridad es una excepción. *Gen. Accid. Ins. Co. P.R. v. Ramos*, 148 D.P.R. 523 (1999). Para que una obligación sea solidaria, ello tiene que desprenderse de manera "clara y evidente del contrato". Íd., pág. 537.

A la luz de esta normativa, tenemos que determinar si el señor Mercado se obligó solidariamente con K-mart a pagar la compensación acordada en el convenio de relevo que la señora Rodríguez Burgos pretende ejecutar en su contra en el caso de autos.

B. De entrada, procede aclarar que no está en controversia si el señor Mercado responde o no por los alegados actos de hostigamiento sexual y las reclamaciones de salario y despido injustificado. Lo que se disputa es si él participó de alguna manera en el convenio de relevo de tal forma que advino deudor solidario en la transacción que puso fin a la querella de la señora Rodríguez Burgos.

A pesar de que en el Relevo Total de Responsabilidad Civil y Penal y Acuerdo sobre Confidencialidad se estipuló que el mismo sería confidencial, reproducimos una parte editada de éste para propósitos de la adjudicación de la controversia. En la parte aquí pertinente, se acordó lo siguiente:

> YO, Julia Rodríguez Burgos (en adelante, la RELEVANTE), POR LA CANTIDAD DE ... relevo para siempre a KMART CORPORATION Y CARLOS MERCADO (en adelante RELEVADOS y/o DEMANDADOS), sus directores, asegurados, agentes, empleados, sirvientes, subsidiarias ... nombrados aquí o no, quien[es] junto con los demandados mencionados pueden ser responsables a la *RELEVANTE* de manera solidaria o mancomunada, de cualquier reclamación presente, pasada o futura, acción civil, penal o administrativa, querella, demanda, reclamación de daños, cobro de dinero, costas o gastos, presentes, pasados o futuros, relacionados de alguna manera con los hechos y alegaciones contenidas en este caso ... relativo a Despido Injustificado, Discrimen, Salarios y Daños y Perjuicios.

Las partes entienden y por eso acuerdan que este *RELEVO TOTAL DE RESPONSABILIDAD CIVIL Y PENAL Y ACUERDO DE CONFIDENCIALIDAD*, implica un compromiso en cuanto a reclamaciones presentes, pasadas y futuras, que la paga monetaria recibida por las partes no será tomada como una admisión de responsabilidad por parte de *LOS RELEVADOS Y/O DEMANDADOS.*

Las partes entienden y por eso acuerdan que este *RELEVO TOTAL DE RESPONSABILIDAD CIVIL Y PENAL Y ACUERDO DE CONFIDENCIALIDAD*, ha sido hecho por la RELEVANTE sin depender de ninguna aseveración o representación hecha por las partes aquí relevadas y/o representadas de éstas.

La RELEVANTE expresa que ninguna promesa o acuerdo, fuera de lo aquí expresado, ha sido hecho a ella. La *RELEVANTE* también se declara competente para entender los alcances de este documento y firmar el mismo luego de que su abogada le explicara el contenido del mismo. Las partes también acuerdan que este *RELEVO TOTAL DE RESPONSABILIDAD CIVIL Y PENAL Y ACUERDO DE CONFIDENCIALIDAD* ha sido tomado por las partes de manera voluntaria, en el que se recogen todos los acuerdos entre las partes. (Énfasis en el original suprimido y énfasis suplido.) Apéndice, pág. 174.

Como vemos, del texto de este acuerdo no se desprende que los relevados o demandados, señor Mercado y K-mart, hayan pactado responsabilidad solidaria. Véase *General Accd. Ins. Co. P.R. v. Ramos*, supra. Más aún, ni siquiera surge que el señor Mercado haya sido parte activa en la elaboración y acuerdo de este relevo. Lo que sí se desprende es que la señora Rodríguez Burgos lo relevó a éste de toda responsabilidad por los hechos alegados en la querella a cambio de una cantidad de dinero específica.

No obstante, la señora Rodríguez Burgos alega que el señor Mercado responde solidariamente por la indemnización pactada porque ella firmó el relevo "basándose en que las partes codemandadas responderían solidariamente por la cantidad acordada". Apéndice, pág. 37. Al respecto, en contestación a nuestra orden de mostrar causa, la señora Rodríguez Burgos se limita a reiterar lo anterior y nos indica que el señor Mercado siempre estuvo representado por

el mismo abogado que representaba a K-mart durante la transacción. No nos señala ningún otro acto o evento que nos lleve a concluir que el señor Mercado fue parte activa en el acuerdo de relevo o que de alguna otra manera él se obligó a responder solidariamente por él.

El hecho de que el señor Mercado haya estado representado por el mismo abogado que K-mart en el caso de autos no es suficiente para concluir que éste responde solidariamente por la cuantía pactada en el relevo. Primero, como norma general, en casos de esta naturaleza, es el patrono quien contrata al abogado para que lo represente tanto a él como al empleado a quien se le imputa la conducta ilícita. Segundo, aún asumiendo que Mercado efectivamente estuvo adecuadamente representado y participó en la confección del relevo, ello no es suficiente para presumir que éste pactó solidaridad, pues del texto del documento no surge dicha condición expresamente.

Conforme a lo anterior, *resolvemos que erró el Tribunal de Apelaciones al resolver que del Relevo Total de Responsabilidad Civil y Penal y Acuerdo sobre Confidencialidad, surge una obligación de pago por la cual el señor Mercado responde solidariamente. Por consiguiente, según intimamos en nuestra orden de mostrar causa, se devuelve el caso al Tribunal de Primera Instancia para que haga una determinación específica sobre si el señor Mercado se obligó a responder de alguna otra forma por el acuerdo de transacción con la señora Rodríguez Burgos.*

*Si el foro de instancia determina que el señor Mercado ciertamente se obligó a indemnizar a la señora Rodríguez Burgos por el acuerdo de relevo, ordenará el pago correspondiente. Ahora, si se determina que eso no ocurrió, la señora Rodríguez Burgos procederá a cobrar su acreencia contra K-mart por los canales procedentes, en vista de que ella relevó expresa y conspicuamente al señor Mercado de responsabilidad por los hechos alegados en la querella y,*

*sobre todo, dado que ella acepta la validez del referido acuerdo.*([3])

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Fuster Berlingeri emitió una opinión disidente. El Juez Asociado Señor Rivera Pérez no intervino.

*(Fdo.)* Patricia Otón Olivieri
*Secretaria del Tribunal Supremo*

— O —

Opinión disidente emitida por el Juez Asociado Señor Fuster Berlingeri.

En su sentencia en el caso de autos, la mayoría del Tribunal determina, *inter alia*, que no surge del pacto de Relevo Total de Responsabilidad Civil y Penal y Acuerdo sobre Confidencialidad en cuestión que el codemandado Carlos Mercado se haya obligado a responder solidariamente por la cantidad de dinero pactada en el relevo referido. Esta determinación de la mayoría del Tribunal me parece contraria a lo que surge de los hechos del caso y del derecho aplicable.

La norma que prevalece en nuestra jurisdicción sobre el particular es que lo que determina si una obligación ha sido garantizada solidariamente por unos codeudores es el lenguaje de los documentos y las circunstancias que rodeen la transacción. *Mansiones P. Gardens, Inc. v. Scotiabank*, 114 D.P.R. 513, 520 (1983). En el caso de autos, la aplicación de esa norma conduce necesariamente a la conclusión

---

([3]) Esto es así, a menos que la señora Rodríguez Burgos entienda que existe alguna razón para ejercer la facultad resolutoria que recoge el Art. 1077 del Código Civil, 31 L.P.R.A. sec. 3052. Véase *Neca Mortg. Corp. v. A&W Dev. S.E.*, 137 D.P.R. 860 (1995).

de que en efecto aquí se pactó la solidaridad de los codeudores.

Tómese, en primer lugar, el documento de relevo en cuestión que fue suscrito tanto por K-mart como por Carlos Mercado como codemandados en el caso de autos junto con la demandante. Dicho documento expresamente señala que

> ... los demandados mencionados ... pueden ser responsables a la RELEVANTE [la demandante] de manera *solidaria* .... (Énfasis suplido y en el original.)

A este hecho tan contundente, de una disposición expresa de solidaridad, hay que añadir la ponderación de las circunstancias en torno a las cuales giró la transacción que son afines a la referida disposición de solidaridad. El pleito en cuestión lo instó la demandante por hostigamiento sexual y despido injustificado en contra de su patrono K-mart y del gerente de la tienda K-mart donde ocurrieron los hechos, Carlos Mercado. Como el patrono es un ente corporativo —y por ende, una ficción jurídica— las actuaciones concretas y materiales que estaban en cuestión eran precisamente las de Mercado, quien era parte integral de la acción y no un mero apéndice o parte meramente formal de ésta. De resultar exitosa la acción en su contra, *Mercado era responsable por sí solo por todos los daños reclamados por la demandante*, como también lo hubiera sido K-mart. Es decir, el monto de responsabilidad de Mercado no era menor que el del codemandado K-mart sino *igual*, sobre todo en vista de lo que hemos resuelto ya sobre la responsabilidad de los supervisores, administradores y agentes en casos de hostigamiento sexual. Véase *Rosario v. Dist. Kikuet, Inc.*, 151 D.P.R. 634 (2000). Esta igualdad de los codemandados en cuanto a su responsabilidad por la totalidad de los daños es un elemento de las circunstancias del caso que evidentemente apunta a la existencia de una responsabilidad solidaria. Véase *Torres v. A.F.F.*, 94 D.P.R. 314, 318 (1967).

Debe tenerse en cuenta, además, que cuando Mercado

suscribió el acuerdo de relevo, lo hizo evidentemente por el gran beneficio que habría de recibir a cambio. En nuestra jurisdicción prevalece el principio de *nulla obligatio est sine causa* (los contratos sin causa no producen efecto alguno). Art. 1227 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3432. El acuerdo de relevo en el caso de autos era evidentemente de naturaleza onerosa. A la demandante-relevante tenía que pagársele la cantidad acordada en el relevo y, lógicamente, la obligación de hacer tal pago recaía por igual sobre cualquiera de los dos que se beneficiaban por igual del relevo en cuestión, que lo suscribieron ambos. Mercado estaba tan obligado a hacer el pago acordado como lo estaba K-mart. De otro modo, el acuerdo de relevo en cuestión era inexistente o inoficioso por carecer de uno de sus elementos constitutivos. Art. 1213 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3391. Véanse: *Logia Caballeros del Plata v. García*, 63 D.P.R. 291 (1944); *González Rodríguez v. Fumero*, 38 D.P.R. 556 (1928). En tal caso, Mercado no hubiese quedado relevado de modo alguno de las consecuencias del pleito incoado en su contra.

Lo más lógico, sin embargo, es concluir que sí hubo un acuerdo de relevo válido, conforme al cual K-mart, o en su defecto Mercado, estaban obligados a pagarle a la demandante la cantidad acordada en el contrato de relevo en cuestión. No es necesario que la obligación de Mercado se hubiera expresado literalmente en el acuerdo de relevo. Esta obligación existía, indudablemente, en virtud de lo dispuesto por los Arts. 1210 y 1229 del Código Civil de Puerto Rico, que disponen, respectivamente:

> Los contratos se perfeccionan por el mero consentimiento, y desde entonces obligan, no sólo al cumplimiento de lo expresamente pactado, sino también a todas las consecuencias que según su naturaleza sean conformes a la buena fe, al uso y a la ley. 31 L.P.R.A. sec. 3375.
>
> Aunque la causa no se exprese en el contrato, se presume que existe y que es lícita mientras el deudor no pruebe lo contrario. 31 L.P.R.A. sec. 3434.

El tribunal ciertamente tiene la autoridad y los fundamentos suficientes para determinar que el acuerdo de relevo que aquí nos concierne aparejaba *tácitamente* la obligación de Mercado de hacer el pago pactado, como *quid prod quod* del relevo otorgado, sobre todo en virtud del principio de la *reciprocidad de las prestaciones contractuales*. Véanse: *De Jesús González v. A.C.*, 148 D.P.R. 255, 267 (1999); *Levy v. Aut. Edif. Públicos*, 135 D.P.R. 382, 395 (1994); *Util. Cons. Servs. v. Mun. de San Juan*, 115 D.P.R. 88 (1984).

Como la mayoría del Tribunal opta por otra ruta decisoria, que considero innecesaria y, además, onerosa para la recurrida, yo disiento.