ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| DORADO BEACH EAST HOMEOWNERS' ASSOCIATION, INC. DEMANDANTES-APELANTES V. FRANCISCO JOSÉ RIVERA FERNÁNDEZ; AURORA SODÍA VALLADARES DÍAZ DEMANDADOS-APELADOS | KLAN202400161 | *Apelación* Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón |
| | | Civil Núm.: DO2023CV00014 |
| | | SOBRE: Cobro de Dinero |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

# SENTENCIA

En San Juan, Puerto Rico, a 8 de abril de 2024.

Comparece Dorado Beach East Homeowners' Association, Inc. (en adelante "apelante" o "Asociación") mediante escrito de apelación y solicita que revoquemos la Sentencia emitida por el Tribunal de Primera Instancia (en adelante "TPI") el 15 de diciembre de 2023 y notificada el 20 de diciembre de 2023. En esa ocasión, el TPI ordenó la desestimación sin perjuicio de la demanda por concluir que no adquirió jurisdicción sobre Francisco José Rivera Fernández (en adelante "Sr. Rivera Fernández"), por lo que no puede disponer del caso.

Con el beneficio de la comparecencia de ambas partes y por los fundamentos que exponemos a continuación, **revocamos** la Sentencia apelada.

-I-

A continuación, exponemos los hechos pertinentes ante nuestra consideración.

Número Identificador

SEN2024_____

El 26 de enero de 2023 la aquí apelante presentó una *Demanda*[1] contra el Sr. Rivera Fernández y la Sra. Aurora Sofía Valladares Díaz (en adelante "Sra. Valladares Díaz") por concepto de cobro de dinero. El 20 de julio de 2023, la Sra. Valladares Díaz presentó la correspondiente *Contestación a Demanda*[2]. En esa ocasión, la codemandada aceptó que figura como cotitular de la propiedad #338 de la urbanización Dorado Beach East.[3]

Según alega la apelante, los apelados fueron emplazados por edictos, los cuales fueron publicados el 3 de abril de 2023 y notificados mediante correo certificado el 5 de abril de 2023. Así las cosas, el 16 de junio de 2023, el Sr. Rivera Fernández presentó una moción de desestimación por falta de jurisdicción[4] en la que fundamentó que no fue emplazado conforme a derecho, en la medida en que la declaración jurada fue insuficiente y por haber transcurrido el término 120 días para diligenciar el emplazamiento. El 26 de septiembre de 2023, el TPI emitió una *Sentencia Parcial*[5] en la que desestimó sin perjuicio la demanda contra Rivera Fernández por entender "*[…] que el emplazador no demostró haber agotado todas las posibilidades razonables para localizar al codemandado.*"[6]

Por consiguiente, el 8 de noviembre de 2023, la Sra. Valladares Díaz presentó una *Moción Solicitando Desestimación por Ausencia de Parte Indispensable*.[7] Su solicitud se basó en que el TPI no tenía jurisdicción para atender la controversia, toda vez que desestimó la

---

[1] Véase Apéndice 1 del recurso, págs. 1-2.
[2] Véase Apéndice 7 del recurso, págs. 27-29.
[3] Véase Apéndice 7 del recurso, págs. 27-29.
[4] Véase Apéndice 5 del recurso, págs. 9-18.
[5] Véase Apéndice 8 del recurso, págs. 30-39.
[6] Véase Apéndice 8 del recurso, pág. 38.
[7] Véase Apéndice 9 del recurso, págs. 40-48.

demanda contra el Sr. Rivera Fernández siendo este una parte indispensable en el pleito.

Por su parte, la aquí apelante presentó una *Oposición a Moción Solicitando Desestimación por Ausencia de Parte Indispensable*[8], dado que la obligación del pago de las cuotas de mantenimiento es una solidaria entre los apelados, tal y como surge de la denominada *Deed of Declaration of Rights, Restrictions, Conditions and Constitution of Restrictive Covenants and Establishment of Provisions for Dorado Beach East Homeowner's Association.*[9]

El 20 de diciembre de 2023, el TPI notificó una *Sentencia*[10] desestimando sin perjuicio la demanda de epígrafe por no haberse incluido una parte indispensable, a saber, el Sr. Rivera Fernández.

Inconforme con dicha determinación, el 22 de febrero de 2024, la Asociación presentó un *Escrito de Apelación* ante este Tribunal. En síntesis, la apelante alega que el Sr. Rivera Fernández no es parte indispensable en la medida en que es un deudor solidario. Los errores planteados son los siguientes:

> **PRIMER ERROR: ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL RESOLVER QUE EN EL PRESENTE CASO HACIA [sic] FALTA UNA PARTE INDISPENSABLE Y POR TANTO DESESTIMANDO LA DEMANDA AUN CUANDO LA OBLIGACION [sic] RECLAMADA ERA SOLIDARIA.**
>
> **SEGUNDO ERROR: ERRO [sic] EL HONORABLE TRIBUNAL DE INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL DAR CREDITO [sic] A UN ACUERDO DE TRANSACCIÓN PRIVADO SIN FIRMAS IMPONIENDO SU APLICACIÓN A LA PARTE DEMANDANTE-APELANTE.**

---

[8] Véase Apéndice del recurso, págs. 50-56.
[9] Véase Apéndice 11 del recurso, págs. 57-103.
[10] Véase Apéndice 12 del recurso, págs. 104-106.

Así las cosas, el 25 de marzo de 2024, la Sra. Valladares Díaz presentó su *Alegato en Oposición a Apelación*. En su escrito, la codemandada alega que entre ella y el Sr. Rivera Fernández se concretó un *Acuerdo de Transacción*[11] en el que ella le cedió su participación sobre la propiedad en cuestión al Sr. Rivera Fernández, por lo que este es la única parte con interés sobre la propiedad. Por tal razón, solicita de este Tribunal que confirme la Sentencia emitida por el TPI.

-II-

**A. Solidaridad**

Las obligaciones solidarias son aquellas en las que el o los acreedores le pueden exigir el total de la prestación a uno solo de los deudores sin cobrarles a todos simultáneamente[12]. El Artículo 1096 del nuevo Código Civil de Puerto Rico[13] dispone: "*En virtud de lo dispuesto expresamente en la obligación o en la ley puede exigirse a cada uno de los deudores, por cada uno de los acreedores, el total de la prestación.*"[14] Por lo tanto, para que impere la doctrina de la solidaridad, esta debe constar de manera expresa en una ley o contrato.[15]

Cabe señalar que cada uno de los deudores solidarios asume la responsabilidad personal de cancelar la totalidad de la deuda sin necesariamente haber aprovechado el cien por ciento de lo recibido, en cuyo caso aquel que haya pagado en exceso de lo debido, podrá repetir contra los demás deudores.[16]

---

[11] Véase Apéndice del recurso, pág. 128.
[12] *Ramos v. Caparra Dairy, Inc.*, 116 DPR 60 (1985).
[13] 31 LPRA § 5311 et seq.
[14] 31 LPRA § 9055.
[15] Con excepción del ámbito extracontractual en el que se presume la solidaridad.
[16] *Rodríguez v. Kmart*, 163 DPR 335, 339 (2004).

## B. Servidumbres en equidad

Las servidumbres en equidad son condiciones o restricciones que limitan el uso de determinados terrenos y mediante las cuales se imponen cargas o gravámenes que obligan a presentes y futuros adquirentes.[17] Dichas condiciones son constituidas unilateralmente por el urbanizador como parte de un plan general para el desarrollo y la preservación de una urbanización.[18] A tales efectos, las servidumbres en equidad son consideradas como un contrato de naturaleza real, ya sea porque las partes acuerdan gravar su propiedad para limitar su uso o porque adquieren la propiedad gravada, aceptando someterse a estas.[19]

-III-

Debido a que los señalamientos de error están íntimamente relacionados, procederemos a atenderlos de manera conjunta.

Según se desprende de los autos del caso, los aquí apelados figuran como cotitulares de la propiedad #338 de la urbanización Dorado Beach East. Dicha propiedad está sujeta a una serie de condiciones restrictivas entre las cuales se encuentran las referentes al pago de las cuotas de mantenimiento. Sobre este particular, la escritura en cuestión dispone lo siguiente: "*In the case of co-owners, they shall be **jointly and severally liable** for the entire amount of the assessment.*"[20] Es decir, los apelados están obligados <u>solidariamente</u> frente al

---

[17] *Park Tower, S.E. v. Registradora*, 194 DPR 244, 252 (2015); *Residentes Parkville v. Díaz*, 159 DPR 374, 382-383 (2003); *Asoc. Vec. Urb. Huyke v. Bco. Santander*, 157 DPR 521, 534 (2002).
[18] *Fernández Martínez v. RAD-MAN San Juan III-D*, 2021 TSPR 149, 208 DPR ___ (2021).
[19] *Dorado del Mar Estates Homeowners Association, Inc. v. Weber*, 2019 TSPR 137, 202 DPR ___ (2019); *Asoc. Playa Húcares v. Rodríguez*, 167 DPR 255, 264 (2006); *Residentes Parkville v. Díaz*, 159 DPR 374, 384 (2003).
[20] Véase Apéndice 11 del recurso, pág. 66. *Énfasis suplido.*

apelante al pago de las cuotas de mantenimiento. Siendo así, la Asociación puede solicitarle a la Sra. Valladares Díaz la totalidad de la deuda. Posteriormente, la codemandada puede presentar una acción de nivelación contra el Sr. Rivera Fernández a fin de recobrar la cantidad correspondiente a este.

Ahora bien, la Sra. Valladares Díaz alega que no es solidariamente responsable ante el apelante debido a que esta le cedió su participación de la propiedad al Sr. Rivera Fernández mediante un *Acuerdo de Transacción*. No le asiste la razón. El acuerdo que obra en los autos del caso no está firmado por las partes, por lo que no surte efecto jurídico alguno. Incluso, aun en la alternativa de estar firmado, tampoco surte efecto jurídico alguno frente al apelante. Nos explicamos. Entre las partes de epígrafe se celebró un contrato de naturaleza real, el cual dispone que ambos apelados son responsables de manera solidaria por los pagos de las cuotas de mantenimiento de la Asociación. El acuerdo de transacción al que hace referencia la Sra. Valladares Díaz no tiene el efecto de alterar el contrato real, dado que el aquí apelante no es parte en dicho contrato, lo que significa que sus cláusulas no lo obligan a actuar de conformidad[21]. Por lo tanto, todo acuerdo al que lleguen los apelados de manera interna, es decir, entre estos dos, no altera los términos que acordaron con el apelante mediante las servidumbres en equidad.

Basado en los fundamentos antes expuestos, resulta forzoso concluir que el TPI cometió un error de derecho

---

[21] El nuevo Código Civil de Puerto Rico en su Artículo 1233 dispone: "*Lo acordado en los contratos tiene **fuerza de ley entre las partes, ante sus sucesores y ante terceros en la forma que dispone la ley.**" 31 LPRA § 9754. Énfasis suplido.*

al desestimar sin perjuicio la demanda de epígrafe. Al amparo del derecho vigente en nuestra jurisdicción, el Sr. Rivera Fernández no es parte indispensable en el pleito, en la medida en que los apelados figuran como deudores solidarios ante el apelante. Por tal razón, la Asociación le puede requerir el pago de la totalidad de la deuda, únicamente, a la Sra. Valladares Díaz.

-IV-

De conformidad con los fundamentos antes expuestos, se **revoca** la Sentencia apelada. Se devuelve el caso al foro primario para que continúen los procedimientos de conformidad con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Rodríguez Casillas disiente por considerar que la opinión mayoritaria relega dos hechos importantes que obligan a la desestimación por falta de parte indispensable; a saber: (1) que el 26 de septiembre de 2023, el TPI emitió una *Sentencia Parcial final y firme* en la que desestimó sin perjuicio la demanda contra el codemandado Rivera Fernández por entender "*[…] que el emplazador no demostró haber agotado todas las posibilidades razonables para localizar al codemandado.*"; y, (2) el hecho de que la deuda por cuotas de mantenimiento es de naturaleza *in rem*, lo repercute directamente contra el Sr. Rivera Fernández por ser un titular de la propiedad.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*